UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPER 8 WORLDWIDE, INC., a South Dakota Corporation,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JAI-AMBE NEBRASKA, INC., a Nebraska Corporation; SHRAWAN KUMAR, an individual; and LINA KUMAR, an individual,<br><br>　　　　　　　　　　　Defendants. | **OPINION**<br><br>Civ. No. 11-03942 (WHW) |

**Walls, Senior District Judge**

Plaintiff Super 8 Worldwide, Inc. ("Super 8") moves for default judgment only against defendant Jai-Ambe Nebraska, Inc. ("Jai-Ambe"). Because the Court finds that default judgment is appropriate under Federal Rule of Civil Procedure 55(b)(2), Super 8's motion is granted.

### FACTUAL AND PROCEDURAL BACKGROUND

Super 8 brings this suit based on a franchise agreement between Super 8 and Jai-Ambe dated July 8, 2003 ("Franchise Agreement") for the operation of a guest lodging facility in Chadron, Nebraska. Compl. ¶ 9, Ex. A. Shrawan Kumar and Lina Kumar are alleged to be principals of Jai-Ambe who provided Super 8 with a guaranty of Jai-Ambe's obligations under the Franchise Agreement. Id. ¶¶ 3–4, 19, Ex. B. Under Sections 3 and 5 of the Franchise Agreement, Jai-Ambe was obligated to operate and maintain the facility as a Super 8 facility for a 20-year term in compliance with standards set by Super 8. Id. ¶¶ 9–10, Ex. A. During this period, Jai-Ambe was required under Section 7 and Schedule C to make periodic payments to Super 8 for certain recurring fees, including royalties, system assessments, taxes, and interest. Id. ¶ 11, Ex. A. Under Section 9 of the Franchise Agreement, Jai-Ambe was not permitted to lease

the facility or to transfer or assign its interest in any way without Super 8's prior written consent. Id. ¶ 15, Ex. A.

Under Section 11 of the Franchise Agreement, Super 8 reserved the right to terminate the license with notice to Jai-Ambe for certain specified reasons. Id. ¶ 16, Ex. A. Grounds for termination included where Jai-Ambe (a) discontinued operating the facility as a Super 8 and/or (b) lost possession or the right to possession of the facility. Id. In the event of termination on these grounds, Jai-Ambe was required to pay liquidated damages to Super 8 pursuant to a formula set out in Section 12 of the Franchise Agreement. Id. ¶ 17, Ex. A. Under Section 17.4, Jai-Ambe also agreed to pay all costs and expenses, including reasonable attorneys' fees, that Super 8 incurred to enforce or collect amounts owed under the Franchise Agreement. Id. ¶ 18, Ex. A.

Super 8 alleges that Jai-Ambe unilaterally terminated the Franchise Agreement under Sections 9 and 11 of the Franchise Agreement by relinquishing control of the facility to a third party without Super 8's prior consent. Id. ¶ 22. Pursuant to a letter to Jai-Ambe dated January 18, 2011, Super 8 provided written notice that the Franchise Agreement would terminate on February 2, 2011. Id. ¶ 23, Ex. C. This letter advised Jai-Ambe that it was required to pay Super 8 liquidated damages of $89,972.25 for premature termination under Section 12 of the Franchise Agreement, as well as all outstanding recurring fees owed to Super 8. Id.

On July 8, 2011, Super 8 filed the present suit against the corporate and individual defendants alleging breach of contract and unjust enrichment. Id. ¶¶ 24–49. After the three defendants failed to appear in this action or answer the Complaint, Super 8 requested an entry of default on September 13, 2011. Request for Entry of Default, ECF No. 6. The Clerk entered default against defendants Jai-Ambe, Shrawan Kumar and Lina Kumar the same day. ECF No. 6.

On October 13, 2011, Super 8 moved for default judgment against corporate defendant Jai-Ambe only seeking $184,339.02 in damages. Aff. of Suzanne Fenimore in Supp. of Mot. for Default J. ("Fenimore Aff.") ¶ 30. This amount consists of (1) $76,450.26 for recurring fees owed under the Franchise Agreement, (2) $101,641.53 for liquidated damages (including pre-judgment interest), and (3) $6,247.23 for attorneys' fees and costs. Id. ¶¶ 19, 27–29, Ex. G.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The power to grant default judgment "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted). Because default judgment prevents a plaintiff's claims from being decided on the merits, "this court does not favor entry of defaults or default judgments." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984). Accordingly, the Third Circuit has clarified that, while "the entry of a default judgment is left primarily to the discretion of the district court," this "discretion is not without limits." Hritz, 732 F.2d at 1181 (citations omitted). Cases should be "disposed of on the merits whenever practicable." Id. See also $55,518,05 in U.S. Currency, 728 F.2d at 194–95.

In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005). The court must, however, make "an independent inquiry into whether the unchallenged facts constitute a legitimate cause of action" and an "independent determination" regarding questions of law. Days Inn Worldwide, Inc. v. Mayu & Roshan, L.L.C., No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007) (citations omitted). The

3

Third Circuit has explained that three factors control whether a default judgment should ultimately be granted: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

## DISCUSSION

### I. Jurisdiction

Before entering a default judgment as to a party "that has not filed responsive pleadings, a district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C., No. 05-cv-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008).

#### A. Subject Matter Jurisdiction

Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332. Super 8 is a South Dakota corporation, with its principal place of business in New Jersey. Compl. ¶ 1. Defendant Jai-Ambe is a corporation organized and existing under the laws of Nebraska, with its principal place of business in Nebraska. Id. ¶ 2. The individual defendants are citizens of Nebraska. Id. ¶¶ 3–4. The amount in controversy in the matter, exclusive of interests and costs, exceeds the sum of $75,000. See id. ¶ 31.

#### B. Personal Jurisdiction

This Court possesses personal jurisdiction over corporate defendant Jai-Ambe. Under Section 17.6.3 of the Franchise Agreement, Jai-Ambe consented and waived objection "to the non-exclusive personal jurisdiction and venue in . . . the United States District Court for the District of New Jersey." Compl. ¶ 6, Ex. A. Super 8 also complied with the requirements for proper service of process necessary to establish personal jurisdiction over a defendant. See

Lampe v. Xouth, Inc., 952 F.2d 697, 700-01 (3d Cir. 1991). Jai-Ambe was served on August 18, 2011 under Federal Rule of Civil Procedure 4(h) by personal service on Shrawan Kumar, who was designated by law to accept service as President of Jai-Ambe. Aff. of Service, ECF. No. 4.

## II.     Liability

Because a party seeking a default judgment is not entitled to such relief as a matter of right, the court may enter a default judgment "only if the plaintiff's factual allegations establish the right to the requested relief." Nautilus Ins. Co. v. Triple C. Const. Inc., No. 10-2164, 2011 WL 42889, at *4 (D.N.J. Jan. 6, 2011). Super 8 brings claims against Jai-Ambe for breach of contract seeking liquidated damages and recurring fees owed under the Franchise Agreement.[1] Compl. ¶¶ 29–41. Super 8 also seeks to recover attorney fees and costs. Id.

Pursuant to the choice of law clause in Section 17.6.1 of the Franchise Agreement, New Jersey law governs the breach of contract claim. Compl. Ex. A. To establish liability for breach of contract, Super 8 bears the burden of showing that (1) the parties entered into a valid contract, (2) breach of the obligations under that contract, and (3) damages resulting from the breach. Murphy v. Implicito, 920 A.2d 678, 689 (N.J. Super. Ct. App. Div. 2007). Super 8 adequately alleges that Jai-Ambe breached the validly executed Franchise Agreement by relinquishing control of the facility to a third party without Super 8's prior consent and by failing to pay recurring fees and liquidated damages upon termination. Compl. ¶¶ 22, 31–32, 40–41, Ex. A; Fenimore Aff. ¶¶ 16–17. Super 8 further demonstrates that it was damaged by the early termination of the contract resulting from the transfer to a third party and by Jai-Ambe's failure to pay the liquidated damages and recurring fees owed under the Franchise Agreement. Compl. ¶¶ 33, 37, 41; Fenimore Aff. ¶¶ 19–30.

---

[1] Although the Complaint also asserts a claim to recover the recurring fees under a theory of unjust enrichment, Compl. ¶¶ 43–45, the Court need not consider the sufficiency of this claim because it finds that Super 8 has established liability for these fees under its related breach of contract claim.

5

### III. Propriety of Entry of Default Judgment

The Court has already established that jurisdiction is properly asserted over the case and the parties, the Clerk of the Court has entered default against the defendant, and Super 8 has established legitimate causes of action for breach of contract. The Court must also determine whether default judgment is appropriate by evaluating the prejudice to the plaintiff if default is denied, whether the defendant appears to have a litigable defense, and whether the failure to respond was due to culpable conduct. Chamberlain, 210 F.3d at 164. These factors support the issuance of a default judgment against the defendant.

If a default judgment is not entered, the plaintiff Super 8 will be prejudiced because it will not be able to recover damages for its injuries due to the defendant's continuing refusal to participate in this case. See Newman v. Axiom Worldwide, No. 06-cv-5564, 2010 WL 2265227, at *5 (D.N.J. June 2, 2010). Furthermore, the amounts owed on the recurring fees and the liquidated damages are subject to interest, causing additional harm to the plaintiff as recovery is delayed. See Howard Johnson Int'l., Inc. v. Patel, No. 11-cv-918, 2011 WL 2148575, at *4 (D.N.J. May 31, 2011).

Defendant Jai-Ambe has not appeared or filed anything with this Court despite personal service on principal and co-defendant Shrawan Kumar in August 2011. The Court assumes that Jai-Ambe has no litigable defense available because it has not appeared to offer any defense and the facts asserted in the Complaint do not contain any information that could provide the basis for a meritorious defense. See Rose Containerline, Inc. v. Omega Shipping Co., No. 10-cv-4345, 2011 WL 1564637, at *3 (D.N.J. Apr. 25, 2011). The Court also presumes that Jai-Ambe acted culpably because it has failed to answer, move, or otherwise respond. See Stonebridge Bank v. Nita Props., LLC, No. 09-cv-5145, 2011 WL 380759, at *6 (D.N.J. Jan. 31, 2011). The Third

Circuit has defined culpable conduct as conduct that is "taken willfully or in bad faith." Chamberlain, 210 F.3d at 164. "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." Hritz v. Woma Corp., 732 F.2d 1178, 1183 (3d Cir. 1984). Defendant Jai-Ambe has disregarded all communications from Super 8 related to this lawsuit and the record does not suggest any good faith justification for the failure to respond. There is no evidence before the Court that Jai-Ambe's "failure to respond to plaintiff's complaint was caused by anything other than [its] own culpability and willful negligence." Platypus Wear, Inc. v. Bad Boy Club, Inc., No. 08-cv-2662, 2009 WL 2147843, at *5 (D.N.J. July 15, 2009).

### IV. Damages

Super 8 now requests default judgment against Jai-Ambe seeking damages in the amount of $184,339.02. Fenimore Aff. ¶ 30. These damages include (1) $76,450.26 for recurring fees owed under the Franchise Agreement, (2) $101,641.53 for liquidated damages (including pre-judgment interest), and (3) $6,247.23 for attorneys' fees and costs. Id. ¶¶ 19, 27–29, Ex. G.

The only allegations in a plaintiff's complaint not treated as true upon the entry of a default judgment are those pertaining to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). Under Federal Rule of Civil Procedure 55(b)(2), a district court "may conduct such hearing or order such references as it deems necessary and proper" in order "to determine the amount of damages." If the damages are for a "sum certain or for a sum which can by computation be made certain," further evidentiary inquiry is not necessary. Fed. R. Civ. P. 55(b)(1); Comdyne I, 908 F.2d at 1149.

The damages Super 8 asserts under the breach of contract claim for liquidated damages and recurring fees do not require further inquiry and will be awarded by the Court. Reasonable

liquidated damages clauses are enforceable under New Jersey law. MetLife Capital Financial Corp. v. Washington Ave. Associates L.P., 732 A.2d 493, 495 (N.J. 1999). The liquidated damages clause here is reasonable and the amount due under this clause can be calculated based on the formula set forth in Section 12.1 of the Franchise Agreement. See Ramada Worldwide, Inc. v. Rip Management Group Corp., No. 07-cv-1540, 2009 WL 1810733, at *9 (D.N.J. June 25, 2009) (finding that a similar liquidated damages clause for early termination of a franchise agreement provided "a reasonable forecast of provable injury resulting from the breach which cannot be easily estimated"). Super 8 has established that Jai-Ambe is liable for liquidated damages in the amount of $89,972.25 based on the sum of accrued royalties and system assessment fees for the facility for the preceding 36 months. Fenimore Aff. ¶¶ 25–27, Ex. A. Super 8 has further established that damages also include prejudgment interest on the total amount of the liquidated damages in the amount of 1.5% per month from March 4, 2011, which is 30 days following the date of termination.[2] Id. ¶¶ 28, Ex. A. The recurring fees due can also be established under the specifications of the Franchise Agreement. See Ramada Worldwide Inc. v. ERS Investments Inc., No. 07-cv-1095, 2008 WL 163640, at *6 (D.N.J. Jan. 16, 2008). The itemized statement submitted by Super 8 supports its claim for recurring fees of $76,450.26. Fenimore Aff. ¶ 19, Ex. H.

      Super 8 has also sufficiently established the costs and attorney's fees. Under Section 17.4 of the Franchise Agreement, Jai-Ambe agreed to pay all costs and expenses, including reasonable attorneys' fees, that Super 8 incurred to enforce or collect amounts owed under the agreement. Id. ¶ 29, Ex. A. Attorneys' fees clauses are enforceable under New Jersey law. See North Bergen Rex Transport, Inc. v. Trailer Leasing Co., 730 A.2d 843, 848 (N.J. 1999). Federal

---

[2] Although the Fenimore Affidavit calculates interest based on a termination date of January 18, 2011 based on the date of the letter terminating the Franchise Agreement, this letter specifically notified Jai-Ambe that the termination date would be February 2, 2011. Compl. Ex. C.

Rule of Civil Procedure 54 further provides that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Super 8's request for attorneys' fees and costs will be granted based on the supporting documentation submitted. Certification of Bryan P. Couch, Esq. in Supp. of Mot. for Default J. ¶¶ 9–11, Ex. D.

## CONCLUSION

Because the Court finds that default judgment is appropriate in this matter and Super 8 has adequately established a claim for liability and the amount of damages, Super 8's motion for default judgment is granted as to defendant Jai-Ambe.

March 19, 2012

s/ William H. Walls
United States Senior District Judge
